

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

January 17, 2017

Dr. Vincent Di Maio
Presiding Officer
Texas Forensic Science Commission
1700 North Congress Avenue, Suite 445
Austin, Texas 78701

Opinion No. KP-0127

Re: The admissibility of certain forensic analyses in Texas courts, statutory authority of the Texas Forensic Science Commission, and reporting requirements for certain crime laboratories (RQ-0117-KP)

Dear Dr. Di Maio:

The Texas Forensic Science Commission ("Commission") asks about the admissibility of certain forensic analyses in Texas courts, the Commission's statutory authority to exempt certain forensic analyses from its accrediting process, and reporting requirements for certain crime laboratories.[1] At the outset, we note that questions regarding the admissibility of evidence are for the particular court to determine and are not appropriate for an attorney general opinion. Tex. Att'y Gen. Op. No. GA-1048 (2014) at 3, n.5. However, we can advise about the legal construction of statutes relating to admissibility.

We first consider the threshold matter you raise of identifying the controlling law on the admissibility of expert testimony relating to forensic analysis in a criminal case. *See* Request Letter at 3. The Code of Criminal Procedure provides that, except under limited circumstances, "a forensic analysis of physical evidence" and related expert testimony "are not admissible in a criminal action if, at the time of the analysis, the crime laboratory conducting the analysis was not accredited by the commission under Article 38.01."[2] TEX. CODE CRIM. PROC. art. 38.35(d)(1). On the other hand, Rule 702 of the Texas Rules of Evidence ("Rules") permits an expert witness to testify "if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." TEX. R. EVID. 702. Given that both the statute and the rule of evidence speak to the admissibility of expert testimony, you "seek

---

[1]*See* Letter from Lynn Garcia, Gen. Counsel, Tex. Forensic Science Comm'n, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 18, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Such forensic analysis and related expert testimony "are not inadmissible in a criminal action based solely on the accreditation status of the crime laboratory" if the crime laboratory was otherwise eligible for accreditation at the time of the forensic examination or test and it obtains accreditation from the Commission before the testimony is given. TEX. CODE CRIM. PROC. art. 38.35(e)(A)–(B).

guidance on whether Article 38.35's application to 'forensic analysis' supersedes the general expert admissibility rule set forth in Texas Rule of Evidence 702." Request Letter at 3.

The Rules, promulgated by the Texas Supreme Court, "apply to proceedings in Texas courts *except as otherwise provided*" by subparts (d)–(f) of Rule 101. TEX. R. EVID. 101(b) (emphasis added). Rule 101(d) states that "[d]espite these rules, a court must admit or exclude evidence if required to do so by . . . a . . . Texas statute . . . . If possible, a court should resolve by reasonable construction any inconsistency between these rules and applicable . . . statutory provisions . . . ." *Id.* 101(d); *see also Scherl v. State*, 7 S.W.3d. 650, 653 (Tex. App.—Texarkana 1999, pet. ref'd) (acknowledging that where a rule "irreconcilably conflicts" with a statute, the statute "will prevail"). The exclusion of article 38.35 applies to "expert testimony relating to" forensic analysis. TEX. CODE CRIM. PROC. art. 38.35(d)(1). Thus, to the extent that an expert's testimony relates to forensic analysis of physical evidence performed by a crime laboratory that is unaccredited by the Commission, it would fall within the scope of article 38.35 and be excluded. Because article 38.35 excludes evidence that Rule 702 might otherwise allow, circumstances may arise where the two provisions irreconcilably conflict. *See NXCESS Motor Cars, Inc. v. JPMorgan Chase Bank, N.A.*, 317 S.W.3d 462, 469 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (stating that statutes conflict "[i]f the same factual situation can harvest different results under different statutes" (quotation marks omitted)). Therefore, pursuant to Rule 101(d), article 38.35 prevails over Rule 702 to the extent of a conflict. As such, we examine your questions under the authority of article 38.35 only and without reference to Rule 702.

You ask "whether 'forensic analysis' as defined in Article 38.35 of the Code of Criminal Procedure that is neither accredited by the Commission nor exempt [from accreditation] by statute or administrative rule is admissible in a criminal action" in light of article 38.35, subpart (d)(1). Request Letter at 1. Subpart (d)(1) of article 38.35 makes "a forensic analysis of physical evidence" and related expert testimony "not admissible in a criminal action if, at the time of the analysis, the crime laboratory conducting the analysis was not accredited by the commission under Article 38.01." TEX. CODE CRIM. PROC. art. 38.35(d)(1). For purposes of article 38.35, "forensic analysis" generally means "a medical, chemical, toxicologic, ballistic, or other expert examination or test performed on physical evidence, including DNA evidence, for the purpose of determining the connection of the evidence to a criminal action."[3] *Id.* art. 38.35(a)(4). The Commission accredits "crime laboratories and other entities conducting forensic analyses of physical evidence for use in criminal proceedings" through an accreditation process it establishes by rule. *Id.* art. 38.01, § 4-d(b)(1); *see also* 37 TEX. ADMIN. CODE §§ 651.1–.11 (2016) (Tex. Forensic Science Comm'n, Accreditation).[4] To be accredited by the Commission, "a laboratory must first be

---

[3]Certain examinations and tests are not considered "forensic analysis" and thus would not be subject to the prohibition of article 38.35, subpart (d)(1). *Id.* art. 38.35(a)(4)(A)–(F) (listing exceptions to the term "forensic analysis"). However, you tell us that the clarification you seek concerns "the admissibility status of forensic disciplines that clearly meet the 'forensic analysis' definition." Request Letter at 3.

[4]As part of the accreditation process, the Commission may "validate or approve specific forensic methods or methodologies." TEX. CODE CRIM. PROC. art. 38.01, § 4-d(b-1)(2).

accredited by a recognized accrediting body." 37 TEX. ADMIN. CODE § 651.1(b) (2016) (Tex. Forensic Science Comm'n, Purpose). However, recognized accreditation by an independent body is sometimes unavailable.[5] In such instances, the Commission "by rule may exempt from the accreditation process" a crime laboratory or a particular type of forensic analysis if it "determines that . . . independent accreditation is unavailable or inappropriate for the laboratory" or the particular forensic analysis. TEX. CODE CRIM. PROC. art. 38.01, § 4-d(c)(1).

In article 38.35, subpart (d)(1), the Legislature expressly requires that a crime laboratory be "accredited by the [C]ommission" at the time it conducts forensic analysis in order for any forensic analysis and related testimony to be admissible in a criminal action in a Texas court. *Id.* art. 38.35(d)(1). The only instance in which a forensic analysis and related expert testimony is not inadmissible "based solely" on the laboratory's accreditation status is if the laboratory is "eligible for accreditation by the commission at the time of the examination or test" and it "obtains accreditation from the commission before the time of the testimony about the examination or test." *Id.* art. 38.35(e)(A)–(B). Thus, a court would likely conclude that "forensic analysis," as defined in article 38.35 of the Code of Criminal Procedure, from a crime laboratory that is neither accredited by the Commission nor exempt [from accreditation] by statute or administrative rule is inadmissible in a criminal action in a Texas court under article 38.35(d)(1).

Next, you ask whether "the Commission has the discretion under Article 38.01, § 4-d(c) to withhold an exemption from the accreditation requirement pending resolution of concerns regarding the integrity and reliability of the forensic analysis." Request Letter at 3. Subpart 4-d(c) of article 38.01 provides that the Commission "may" exempt a type of forensic analysis from the accreditation requirement under certain circumstances. TEX. CODE CRIM. PROC. art. 38.01, § 4-d(c)(1)–(4). The word "may" in a statute indicates discretionary authority unless the context "necessarily requires a different construction." TEX. GOV'T CODE § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."); *see also Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) (noting that the "word 'may' imports the exercise of discretion"). Because the context of the statute does not indicate otherwise, a court would likely conclude that the Commission may refrain from granting an exemption from accreditation under article 38.01, § 4-d(c), in its reasonable discretion.

Your last question concerns the reporting requirements of article 38.01, § 4(a)(2) of the Code of Criminal Procedure. Under that provision, the Commission shall "require a crime laboratory that conducts forensic analyses to report professional negligence or professional misconduct" to the Commission. TEX. CODE CRIM. PROC. art. 38.01, § 4(a)(2). You explain that "[m]any accredited crime laboratories in Texas conduct forensic analyses in both accredited disciplines (e.g., DNA analysis, toxicology, etc.) and unaccredited disciplines (e.g., latent print analysis, crime scene, etc.)." Request Letter at 4 (emphasis omitted). You ask whether the

---

[5]The Commission may recognize a national organization in an accredited field of forensic science by rule if it "determines the content required to receive the certification is substantially equivalent" to the content that would otherwise be required by the Commission under article 38.01, subsection 4-a(d)(1)(C). *Id.* art. 38.01, § 4-a(e); *see also id.* § 4-a(d)(1)(C) (requiring successful completion or recognition of an examination, among other things, to qualify for a forensic analyst license).

reporting requirement applies to "all of the forensic analyses" performed by a crime laboratory or to only analyses pertaining to a discipline that is "subject to accreditation." *Id.* at 4.

The reporting requirement applies to a crime laboratory "that conducts forensic analyses." TEX. CODE CRIM. PROC. art. 38.01 § 4(a)(2). The reporting requirement appears within article 38.01, which has its own definition of forensic analysis:

> In [article 38.01] . . . "[f]orensic analysis" means a medical, chemical, toxicologic, ballistic, or other expert examination or test performed on physical evidence, including DNA evidence, for the purpose of determining the connection of the evidence to a criminal action, except that the term does not include the portion of an autopsy conducted by a medical examiner or other forensic pathologist who is a licensed physician.

*Id.* art. 38.01, § 2(4).[6] Thus, any crime laboratory that engages in forensic analysis within the scope of this definition is subject to the reporting requirement. Moreover, the reporting requirement applies broadly to "professional negligence or professional misconduct" without regard to whether the discipline involved is accredited or non-accredited. *Id.* § 4(a). The fact that article 38.01 requires the Commission to "investigate . . . *any* allegation of professional negligence or professional misconduct that would substantially affect the integrity of the results of a forensic analysis conducted by a crime laboratory" suggests that the Legislature was concerned with all instances of professional negligence or professional misconduct. *Id.* art. 38.01, § 4(a)(3) (emphasis added). For these reasons, a court would likely conclude that, pursuant to article 38.01, subpart 4(a)(2), a crime laboratory must report professional negligence or professional misconduct pertaining to forensic analyses in all disciplines, not just those that are accredited.

---

[6]Unlike in article 38.35, "forensic analysis" in article 38.01 excludes only autopsy-related examinations or tests conducted by specific persons. It does not exclude other examinations, tests, or disciplines. *Id.* art. 38.01, § 2(4).

## S U M M A R Y

In addressing the admissibility of forensic analysis of physical evidence, article 38.35(d)(1) of the Code of Criminal Procedure prevails over Rule 702 of the Texas Rules of Evidence to the extent of a conflict, pursuant to Rule 101(d) of the Texas Rules of Evidence.

A court would likely conclude that (1) "forensic analysis" as defined in article 38.35 of the Code of Criminal Procedure from a crime laboratory that is neither accredited by the Forensic Science Commission nor exempt from accreditation by statute or administrative rule is inadmissible in a criminal action in a Texas court under article 38.35(d)(1); and (2) the Commission may refrain from granting an exemption from accreditation under article 38.01, subpart (4-d)(c) of the Code of Criminal Procedure in its reasonable discretion.

A court would likely conclude that, pursuant to article 38.01, subpart 4(a)(2) of the Code of Criminal Procedure, a crime laboratory must report professional negligence or professional misconduct pertaining to forensic analyses in all disciplines—not just those that are accredited—to the Commission.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee